# ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

AUG - 5 2005 ૧ρ

MARY L.M. MORAN
CLERK OF COURT

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 98-00310 |
| Plaintiff, | ) |
| | ) UNITED STATES' SUPPLEMENTAL RESPONSE |
| | ) TO DEFENDANT'S MOTION TO DISMISS |
| vs. | ) INDICTMENT AND NOT VACATE |
| | ) GUILTY PLEA |
| REX S. ALADO, | ) |
| Defendant. | ) |

In <u>U.S.A. v. Renee Rose Diaz</u>, Criminal Case No. CR04-0003, Appeal No. 04-10168, the plea agreement (Exhibit A) to the information in said matter (Exhibit B) did not include a contingency provision safeguarding such prosecution in the event defendant's guilty plea was invalidated. Unlike in <u>Diaz</u>, the plea agreement in Defendant's Rex S. Alado's case does include a contingency provision, ¶ 10, pages 8-9, similar to the plea agreement to the information in <u>U.S.A. v. Thuy T. Dao</u>, (Exhibits C and D).

The proceedings in <u>Dao</u>, unlike in <u>Diaz</u>, also involved an initial indictment (Exhibit E) similar to the instant proceeding in Defendant Alado's case. The government has appealed the <u>Dao</u> case, in a consolidated appeal in <u>U.S.A. v. Lynda L. Transfiguracion</u>, Appeal No. 04-10457, and

U.S.A. v. Thuy T. Dao, Appeal No. 04-10458, and such appeal is presently on calendar for oral arguments on September 16, 2005 in San Francisco, California (Exhibit F).

Respectfully submitted this __5th__ day of August 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
Marivic P. David
Assistant U.S. Attorney



1  rdiaz.ple

2  FREDERICK A. BLACK
   United States Attorney
3  MARIVIC P. DAVID
   Assistant U.S. Attorney
4  Suite 502-A, Pacific News Bldg.
   238 Archbishop Flores Street
5  Agana, Guam  96910
   Telephone:  (671) 472-7332/7283
6  Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

DEC - 2 1998

MARY L. M. MORAN
CLERK OF COURT

7  Attorneys for United States of America

8

9                IN THE UNITED STATES DISTRICT COURT

10                  FOR THE TERRITORY OF GUAM

11

12  UNITED STATES OF AMERICA,      )   **CR 9800299**
                                   )   CRIMINAL CASE NO.
13                 Plaintiff,      )
                                   )
14           vs.                   )       **PLEA AGREEMENT**
                                   )
15  RENEE ROSE DUENAS DIAZ,        )
                                   )
16                 Defendant.      )
                                   )
17  _____)

18

19

20      Pursuant to Rule 11(e)(1)(B), the United States and the

21  defendant, RENEE ROSE DUENAS DIAZ, enter into the following plea

    agreement:

22      1.  The defendant agrees to waive indictment pursuant to

23  Federal Criminal Procedure Rule 7(b), and enter a guilty plea to

24  an Information charging her with Conspiracy to Import Crystal

25  Methamphetamine, in violation of Title 21, United States Code,

26  Sections 952(a), 960, and 963.

27

28
                                    1

GOVERNMENT
EXHIBIT
A

2. The defendant, RENEE ROSE DUENAS DIAZ, further agrees to fully and truthfully cooperate with federal law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances and related unlawful activities, including the disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Northern Mariana Islands for any other non-violent offenses now known to the government or which she reveals to federal authorities.

3. The defendant, RENEE ROSE DUENAS DIAZ, understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

- 2 -

4. The defendant, RENEE ROSE DUENAS DIAZ, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful drug related activities, her knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful drug related activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant, RENEE ROSE DUENAS DIAZ, understands that the maximum sentence for Conspiracy to Import Crystal Methamphetamine in excess of 100 grams in violation of Title 21, United States Code, Sections 952(a), 960, and 963, is incarceration for life and a $4,000,000 fine. In addition, there is a minimum mandatory term of ten (10) years of incarceration which may not be stayed or suspended by the court. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment, as well as such restitution as the court may order and a $100.00 special assessment fee. The $100 special assessment fee must be paid prior to or immediately upon sentencing.

If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the

- 3 -

applicable statutes and Sentencing Guidelines. In addition, if
defendant provides full, truthful, and substantial assistance to
investigating federal agencies, the government will move the
Court, as provided by USSG § 5K1.1, and 18 U.S.C. § 3553(e), for
a downward departure from the Guidelines and the statutory
minimum sentence. Defendant understands that such motion is
within the sole discretion of the government. Defendant also
understands that "substantial assistance" encompasses such
significant and useful assistance directed to the investigation
and prosecution of the criminal activities of other persons, as
is set forth by USSG § 5K1.1. Defendant also understands that
the decision whether to depart from the Guidelines, and to what
degree, is within the discretion of the sentencing judge. If
defendant does not fully cooperate as set forth in Paragraphs 2,
3, and 4, the government will recommend that defendant receive a
term of incarceration within the range recommended by the
Sentencing Guidelines.

The government will recommend a fine within the Sentencing
Guidelines range. If defendant is financially unable to
immediately pay the fine in full, defendant agrees to make a full
disclosure of her financial status to the United States
Attorney's Office by completing a Financial Disclosure Form (OBD-
500) for purpose of fixing a monthly payment schedule. Defendant
understands that, by law, interest accrues on any remaining
balance of the debt.

6. The defendant understands that to establish a violation
of Conspiracy to Import Crystal Methamphetamine, the government

must prove each of the following elements beyond a reasonable doubt:

    **First**, there was an agreement between two or more persons to bring crystal methamphetamine into the United States from a place outside thereof; and

    **Second**, the defendant became a member of the conspiracy knowing of at least one of its objects, including to import methamphetamine or some other prohibited drug into Guam for distribution, and intending to accomplish it.

    7.    The defendant understands that the sentencing guidelines apply to this offense.    The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

        a.    The defendant was born on █████████, 1978, and is a citizen of the United States.

        b.    If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, this information should not be used in determining the applicable guidelines range.

        c.    Beginning on or about 1997 and continuing to the middle part of 1998, the defendant participated in a conspiracy with Anthony Tajalle aka "Ton", Zachary Richard Ulloa Camacho aka "Cracker Jack", and others to import in excess of 100 grams of crystal methamphetamine aka "ice" from California into Guam for purposes of distribution and profit.    The defendant was a trusted associate of "Ton" who organized a methamphetamine trafficking

- 5 -

group in California and Guam.  During the conspiracy the defendant had assisted in the smuggling of and distribution of "ice" into Guam.

d.  The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

8.  The defendant agrees to waive any right to appeal or to collaterally attack this conviction.  The defendant reserves the right to appeal the sentence actually imposed in this case.

9.  The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement.  Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a.  The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b.  Her right to be represented by an attorney;

c.  Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

- 6 -

d.   That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e.   That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

f.   That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g.   That she has read the plea agreement and understands it.

//
//
//
//
//
//
//
//
//
//
//
//
//

- 7 -

h. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: _Dec. 1. 1998_

_Renee Rose Duenas Diaz_
RENEE ROSE DUENAS DIAZ
Defendant

DATED: _12/1/98_

_Kari Wicklund_
KARI WICKLUND
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: _12.1.98_        By: _Marivic P. David_

MARIVIC P. DAVID
Assistant U.S. Attorney

- 8 -



1  rdiaz.inf

2  FREDERICK A. BLACK
   United States Attorney
3  MARIVIC P. DAVID
   Assistant U.S. Attorney
4  Suite 502-A, Pacific News Bldg.
   238 Archbishop Flores Street
5  Agana, Guam  96910
   Telephone:  (671) 472-7332/7283
6  Telecopier: (671) 472-7334

7  Attorneys for United States of America

8

9

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE ~~TERRITORY OF GUAM~~

12                    ~~CR~~ **9800299**

13  UNITED STATES OF AMERICA,        )  CRIMINAL CASE NO.
                                     )
14                   Plaintiff,      )    INFORMATION
                                     )
15              vs.                  )  CONSPIRACY TO IMPORT
                                     )  CRYSTAL METHAMPHETAMINE
16  RENEE ROSE DUENAS DIAZ,          )  a/k/a "ICE"
                                     )  [21 U.S.C. §§ 952(a), 960 & 963]
17                   Defendant.      )
    _____   )

18

19  THE UNITED STATES ATTORNEY CHARGES THAT:

20

21       Beginning on or about 1997, the exact date unknown, and

22  continuing up to the middle part of 1998, in the District of Guam

23  and elsewhere, the defendant, RENEE ROSE DUENAS DIAZ, did

24  unlawfully, intentionally, and knowingly combine, conspire,

25  confederate and agree together with Anthony Tajalle aka "Ton" and

26  Zachary Richard Ulloa Camacho aka "Cracker Jack", and other

27  persons known and unknown, to import into the United States from

28  a place outside thereof, crystal methamphetamine a/k/a "ice", a

**FILED**
DISTRICT COURT OF GUAM

DEC - 2 1998

MARY L. M. MORAN
CLERK OF COURT

GOVERNMENT
EXHIBIT
B

scheduled II controlled substance, in violation of Title 21,

United States Code, Sections 952(a), 960, and 963.

DATED this _____ day of December, 1998.

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

By:

MARIVIC P. DAVID
Assistant U.S. Attorney

2



FREDERICK A. BLACK
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

FILED
DISTRICT COURT OF GUAM

JUN 12 2002

MARY L. M. MORAN
CLERK OF COURT

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO 02 - 00048 |
| Plaintiff, | ) |
| | ) |
| vs. | ) **PLEA AGREEMENT** |
| | ) |
| | ) |
| THUY T. DAO, | ) |
| Defendant. | ) |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, THUY T. DAO, enter into the following plea agreement:

1. The defendant agrees to waive indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, and enter a guilty plea to an Information charging her with importation of 100 grams net weight of methamphetamine also known as "ice," in violation of 21 U.S.C. §§ 952(a) and 960. The government will move to dismiss Counts I, VI and VIII of an indictment against her in CR# 01-00099 upon sentencing.

1

GOVERNMENT
EXHIBIT
C

2.  The defendant, THUY T. DAO, further agrees to fully and truthfully cooperate with federal and local law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances, and money laundering, and related unlawful activities, including the disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Northern Mariana Islands for any other non-violent offenses now known to the government or which she reveals to federal authorities.

3.  The defendant, THUY T. DAO , understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, THUY T. DAO, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful drug and related activities, including money laundering, and her knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through such unlawful activities or the use of such assets or conveyances to further such unlawful

- 2 -

063

activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

5. The defendant, THUY T. DAO, understands that the <u>maximum</u> sentence for importation of 100 grams of methamphetamine is incarceration for life and a $4,000,000 fine. In addition, there is a minimum mandatory term of ten (10) years of incarceration which may not be stayed or suspended by the court. Any sentence imposed shall include a term of supervised release of five (5) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. The $100 special assessment fee must be paid prior to or immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands the following:

(a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney.

(b) It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that defendant <u>will</u> be granted a "departure" for "substantial assistance." Further, no promise

- 3 -

has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(c) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

　　(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

　　(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

　　(3) the nature and extent of defendant's assistance;

　　(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

　　(5) the timeliness of any assistance provided by defendant.

(d) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of importation of 100 grams of methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:

First: defendant intentionally _knowingly_ brought 100 grams net weight of methamphetamine a/k/a "Ice" into the United States from a place outside thereof; and

Second: defendant knew it was methamphetamine a/k/a "Ice."

8. The defendant understands that the sentencing guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

　　a. The defendant was born on ██████ 1978, and is a citizen of the United States.

　　b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating

4

1  information so provided will not be used against defendant in assessing her punishment, and
2  therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used
3  in determining the applicable guidelines range.
4
5          c.  Beginning 1997 and continuing to October 1998, the defendant participated in a
6  conspiracy with Anthony Tajalle aka "Ton," Rowina Chargualaf, Linda Transfiguracion and
7  others to import methamphetamine a/k/a "ice" from California into Guam for purposes of
8  distribution and profit.  During the conspiracy the defendant assisted in the smuggling of and
9  distribution of "ice" into Guam.  During the conspiracy the defendant also assisted in
10  transporting cash or drug proceeds from Guam to California.   The defendant assisted in
11  converting some of the cash into postal money orders in order to conceal and disguise the source
12  of the drug proceeds and to further the conspiracy.  On April 22, 1998, the defendant arrived at
13  the AB.Wonpat International Air Terminal aboard Continental Micronesia Flight #001 from
14  Honolulu, Hawaii.  The defendant knowingly concealed 100 grams of methamphetamine a/k/a
15  "ice"on her person which drugs were not detected by law enforcement officers.  The defendant
16  obtained said drugs from Anthony Tajalle in California and distributed them to others in Guam
17  as instructed by Tajalle.

18          d.  The defendant understands that notwithstanding any agreement of the parties, the
19  United States Probation Office will make an independent application of the Sentencing
20  Guidelines.  The defendant acknowledges that should there be discrepancies in the final
21  sentencing guidelines range projected by her counsel or any other person, such discrepancy is not
22  a basis to withdraw her guilty plea.

23          9.  The defendant understands that this plea agreement depends on the fullness and
24  truthfulness of her cooperation.  Therefore, defendant understands and agrees that if she should

25
26
27
28

fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus, defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

10. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

11. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of the bringing of such charges.

12. The defendant acknowledges that she has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

- 6 -

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That she has read the plea agreement and understands it.

h. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 6/5/02

_____
THUY T. DAO
Defendant

DATED: 6/5/02

_____
JOAQUIN C. ARRIOLA, JR.
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: 6/5/02          By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

- 7 -


ORIGINAL

1

2 FREDERICK A. BLACK
United States Attorney
3 MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
4 108 Hernan Cortez Avenue
Hagatna, Guam 96910
5 Telephone: (671) 472-7332
Telecopier: (671) 472-7334

6

Attorneys for United States of America

7

**FILED**
DISTRICT COURT OF GUAM

JUN 12 2002

MARY L. M. MORAN
CLERK OF COURT

### IN THE UNITED STATES DISTRICT COURT

8

### FOR THE TERRITORY OF GUAM

9

10 UNITED STATES OF AMERICA,      )   CRIMINAL CASE NO. **02-00048**
                                   )
11                  Plaintiff,     )
                                   )   **INFORMATION**
12                                 )
           vs.                     )   **IMPORTATION OF METHAMPHETAMINE**
13                                 )   [21 U.S.C. §§ 952(a) and 960]
                                   )
14                                 )
    THUY T. DAO,                   )
15                                 )
                  Defendant.       )
16 _____)

17 THE UNITED STATES CHARGES THAT:

18

19      On or about April 22, 1998, in the District of Guam and elsewhere, the defendant,

THUY T. DAO, did willfully and knowingly import into the United States from a place outside

20 thereof 100 grams net weight of methamphetamine hydrochloride a/k/a "Ice," a schedule II

21 controlled substance, in violation of Title 18, United States Code Section 2, and Title 21, United

22 States Code, Sections 952 (a) and 960.

23      DATED this  5th  day of June 2002.

24
                          FREDERICK A. BLACK
25                        United States Attorney
                          Districts of Guam and NMI
26
               By: _____
27                  Marivic P. David
                    Assistant U.S. Attorney
28

GOVERNMENT
EXHIBIT
D



1    tajalle etal.ind

2    FREDERICK A. BLACK
     United States Attorney
3    MARIVIC P. DAVID
     Assistant U.S. Attorney
4    Sirena Plaza, Suite 500
     108 Hernan Cortez Street
5    Agana, Guam 96910
     Telephone: (671) 472-7332
6    Telecopier: (671) 472-7334

**F I L E D**
DISTRICT COURT OF GUAM

OCT 1 0 2001

MARY L.M. MORAN
CLERK OF COURT

7    Attorneys for United States of America

8

9        **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE TERRITORY OF GUAM**

11    UNITED STATES OF AMERICA,      )   CRIMINAL CASE NO. **01-00099**
                                  )
12            Plaintiff,         )   **INDICTMENT**
                                  )
13                                   )   **CONSPIRACY TO IMPORT**
                                  )   **METHAMPHETAMINE HYDROCHLORIDE**
14                                   )   [21 U.S.C. §§ 952 (a), 960 & 963]
                                  )
15                                   )   **IMPORTATION OF METHAMPHETAMINE**
                                  )   **HYDROCHLORIDE**
16                                   )   [21 U.S.C. §§ 952 (a) & 960]
17                                   )   [18 U.S.C. § 2]
                                  )
18        vs.                      )   **CONSPIRACY TO DISTRIBUTE**
                                  )   **METHAMPHETAMINE HYDROCHLORIDE**
19                                   )   [21 U.S.C. §§ 841(a)(1), & 846]
                                  )
20    ANTHONY J. TAJALLE,         )   **UNLAWFUL USE OF**
       THUY T. DAO,               )   **COMMUNICATION FACILITY**
21    ROWINA A. CHARGUALAF a/k/a    )   [21 U.S.C. 843(b)]
       ROWINA A. TAUANNU, and      )
22    LYNDA L. TRANSFIGURACION,    )   **CONSPIRACY TO LAUNDER**
                                    )   **MONETARY INSTRUMENTS**
23                                   )   [18 U.S.C. §§ 1956(a)(1)(B)(i), and 1956(h),
                                  )      and 18, U.S.C. § 2]
24                                   )
25            Defendants.        )
26    ─────────────────────────── )

27

28    THE GRAND JURY CHARGES THAT:

GOVERNMENT EXHIBIT

## COUNT I - CONSPIRACY TO IMPORT METHAMPHETAMINE HYDROCHLORIDE

Beginning in early 1997, a more exact date being unknown to the Grand Jury, and continuing thereafter, until October 1998, in the District of Guam and elsewhere, the defendants ANTHONY J. TAJALLE, THUY J. DAO, ROWINA A. CHARGUALAF a/k/a ROWINA A. TAUANNU, and LYNDA L. TRANSFIGURACION, did intentionally, willfully, and knowingly combine, conspire, confederate and agree together with each other and other co-conspirators, both known and unknown to the Grand Jury, to knowingly import into the United States from a place outside thereof, more than five hundred (500) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled substance, in violation of Title 21, United States Code, Sections 952 (a), 960, and 963.

## COUNT II - IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE

On or about February 15, 1998, in the District of Guam and elsewhere, the defendant ANTHONY J. TAJALLE, did willfully and knowingly cause and aid and abet another to knowingly import into the United States from a place outside thereof, approximately one hundred ten (110) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled substance, in violation of Title 18, United States Code Section 2, and Title 21, United States Code, Sections 952 (a) and 960.

## COUNT III - IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE

On or about April 22, 1998, in the District of Guam and elsewhere, the defendant, ANTHONY J. TAJALLE, did willfully and knowingly cause and aid and abet another to knowingly import into the United States from a place outside thereof, approximately one hundred sixty (160) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled substance, in violation of Title 18, United States Code Section 2, and Title 21, United States

2

1  Code, Sections 952 (a) and 960.

2

3
### COUNT IV - IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE
4
On or about September 23, 1998, in the District of Guam and elsewhere, the defendant
5
ANTHONY J. TAJALLE, did willfully and knowingly cause and aid and abet another to
6
knowingly import into the United States from a place outside thereof, approximately one hundred
7
forty (140) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled
8
substance, in violation of Title 18, United States Code Section 2, and Title 21, United States
9
Code, Sections 952 (a) and 960.
10

11
### COUNT V - IMPORTATION OF METHAMPHETAMINE HYDROCHLORIDE
12
On or about September 30, 1998, in the District of Guam and elsewhere, the defendant
13
ANTHONY J. TAJALLE, did willfully and knowingly cause and aid and abet another to
14
knowingly import into the United States from a place outside thereof, approximately one hundred
15
sixty three (163) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled
16
substance, in violation of Title 18, United States Code Section 2, and Title 21, United States
17
Code, Sections 952 (a) and 960.
18

19
### COUNT VI - CONSPIRACY TO DISTRIBUTE
20
### METHAMPHETAMINE HYDROCHLORIDE

21
Beginning in early 1997, a more exact date being unknown to the Grand Jury, and
22
continuing thereafter, until October 1998, in the District of Guam and elsewhere, the defendants
23
ANTHONY J. TAJALLE, THUY T. DAØ, ROWINA A. CHARGUALAF a/k/a ROWINA A.
24
TAUANNU, and LYNDA L. TRANSFIGURACION, did unlawfully, intentionally, and
25
knowingly combine, conspire, confederate and agree together with each other and other co-
26
conspirators, both known and unknown to the Grand Jury, to knowingly distribute more than five
27

28
3

hundred (500) grams of methamphetamine hydrochloride a/k/a "Ice," a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT VII - UNLAWFUL USE OF COMMUNICATION FACILITY

On or about September 24, 1998, in the District of Guam and elsewhere, the defendant ANTHONY J. TAJALLE, did knowingly and intentionally use a communication facility, to-wit: a telephone, in committing, causing and facilitating the offense of distribution of methamphetamine hydrochloride a/k/a "Ice" a schedule II controlled substance, a felony under Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b).

## COUNT VIII - CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS

Beginning in late 1997, a more exact date being unknown to the Grand Jury, and continuing thereafter, until October 1998, in the District of Guam and elsewhere, the defendants ANTHONY J. TAJALLE, THUY T. DAO, and ROWINA A. CHARGUALAF a/k/a ROWINA A. TAUANNU, knowing that the property involved in financial transactions represented the proceeds of unlawful activity, to wit, the unlawful distribution of methamphetamine hydrochloride a/k/a "Ice," in violation of Title 21, U.S.C. Section 841(a)(1), did knowingly and intentionally combine, conspire, confederate and agree together with each other and other co-conspirators both known and unknown, to conduct such financial transactions which in fact involved the proceeds of said specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 1956(h), and Title 18, United States Code, Section 2.

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the defendants to cause the cash proceeds from the

4

sale of methamphetamine hydrochloride a/k/a "Ice" in Guam to be sent and delivered to co-conspirators in California through the conversion of cash into money orders in Guam, and other methods.

## OVERT ACTS

1. During the years 1997 through 1998, ANTHONY J. TAJALLE recruited different individuals to convert cash obtained from the unlawful distribution of methamphetamine hydrochloride a/k/a "Ice" in Guam into money orders made payable to THUY T. DAO, ROWINA A. CHARGUALAF a/k/a ROWINA A. TAUANNU, and other members of the conspiracy intending thereby to conceal and disguise the source of the cash proceeds and to further the conspiracy.

2. At various times during the conspiracy, THUY T. DAO and ROWINA A. CHARGUALAF a/k/a ROWINA A. TAUANNU, and other individuals sent cash obtained from the unlawful distribution of methamphetamine hydrochloride a/k/a "Ice" in Guam to other members of the conspiracy including ANTHONY J. TAJALLE, in California through the purchase of money orders, intending thereby to conceal and disguise the source of said cash proceeds, and to further the conspiracy.

Dated this 10th day of October, 2001.

A TRUE BILL.

By: _Concepcion B. Rivera_
CONCEPCION B. RIVERA
Foreperson

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

By: _Marivic P. David_
Marivic P. David
Assistant U.S. Attorney

5

005

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## LOCATION OF HEARING FOR SEPTEMBER CALENDAR     Date of Notice:

James R. Browning US Courthouse
United States Court of Appeals - 9th Circuit
95 Seventh Street
San Francisco, California                        July 22, 2005

---

☞☞ Picture ID **required** to enter Courthouse ☜☜
COUNSEL WILL PLEASE CHECK-IN WITH THE DEPUTY IN THE COURTROOM
All CJA Counsel call (415) 556-9853 for travel authorization

---

U.S. ATTORNEYS OFFICE
DISTRICTS OF GUAM & NMI

JUL 26 2005

RECEIVED

Monday, September 12, 2005   9:00 a.m.   Courtroom 1, 3rd Floor

( ) * 03-17325   Makdessian v. City of Mountain View
( ) * 04-10291   United States v. Carrion
( ) * 04-10478   United States v. Jane Doe.
( )   03-17195   Omega Healthcare Investors, Inc. v. Suncrest  Healthcare Center
( )   03-17125)  California Dept. of Toxic Substances Control v. Burlington Northern
      03-17153)  03-17169)

Tuesday, September 13, 2005   9:00 a.m.   Courtroom 1, 3rd Floor

( ) * 02-72497   Valencia Bravo v. Gonzales
( ) * 02-72733   Fernandez v. Gonzales
( ) * 04-10320   United States v. Pena
( ) * 04-10343   United States v. Jennings
( )   03-16937   US ex rel. Patricia Haight, etc. v. Catholic Healthcare
( )   03-10307)  United States v. Rosenthal
      03-10370)

Wednesday, September 14, 2005   9:00 a.m.   Courtroom 1, 3rd Floor

( ) * 03-10479   United States v. Brown
( ) * 04-10101   United States v. Mallett
( ) * 04-10290   United States v. Bermudez
( )   03-17344   Kemmerer v. Starwood Hotels.
( )   03-10463)  United States v. Dejanu
      03-10497)  United States v. Kissinger

GOVERNMENT
EXHIBIT
F

Thursday, September 15, 2005    9:00 a.m.    Courtroom 1, 3rd Floor

| | | | |
|---|---|---|---|
| ( | ) * | 03-16361 | Chappell v. McCargar |
| ( | ) * | 03-70253 | Comparan v. Gonzales |
| ( | ) * | 03-72501 | Ray v. Gonzales |
| ( | ) * | 04-10577 | United States v. Piccolo |
| ( | ) | 03-17291 | Sonoma Co Office of Education  v. Calif Special Ed Hearing Office |
| ( | ) | 04-17295 | Bates v. UPS |

Friday, September 16, 2005    9:00 a.m.    Courtroom 1, 3rd Floor

| | | | |
|---|---|---|---|
| ( | ) * | 03-15408 | Stewart v. Stewart |
| ( | ) * | 04-15756 | Rowell v. Clark County Public Defender |
| ( | ) * | 04-16039 | Rosas v. Nielsen |
| ( | ) * | 04-16082 | McGuire v. Hamlet |
| ( | ) * | 03-17213 | Glenn v. Berndt |
| ( 0 | ) * | 04-10457) | United States v. Transfiguracion |
| | | 04-10458) | United States v. Dao |
| ( | ) * | 04-10590 | United States v. Alferahin |
| ( | ) * | 04-16821 | Wallace v. Kramer |

Monday, September 26, 2005    2:00 p.m.    Courtroom 1, 3rd Floor

| | | | |
|---|---|---|---|
| ( | ) + | 03-99006 | Correll v. Schriro |

Tuesday, September 27, 2005    2:00 p.m.    Courtroom 4, 2nd Floor

| | | | |
|---|---|---|---|
| ( | ) + | 03-15955 | Nagrampa v. MailCoups, Inc. |

## * MAXIMUM ARGUMENT TIME 10 MINUTES PER SIDE
## + MAXIMUM ARGUMENT TIME 30 MINUTES PER SIDE
## OTHER CASES 20 MINUTES PER SIDE

## PLEASE RETURN ENCLOSED ACKNOWLEDGMENT NOTICE
## TO THE CLERK'S OFFICE

## www.ca9.uscourts.gov