# ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

AUG 1 0 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>REX S. ALADO a/k/a "REX", )<br>)<br>Defendant. )<br>) | CRIMINAL CASE NO. 98-00310<br><br>**SECOND AMENDED<br>PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(C), the United States and the defendant, REX S. ALADO a/k/a "REX", enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count III of an indictment charging him with conspiracy to possess crystal methamphetamine "ice" with intent to distribute in violation of 21 U.S.C. § § 841(a)(1) and 846. The government will move to dismiss Counts I and II upon sentencing.

2. The defendant, REX S. ALADO a/k/a "REX", further agrees to fully and truthfully cooperate with federal law enforcement agents concerning their investigation of the

importation, possession, and distribution of controlled substances, and related unlawful activities, including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Northern Mariana Islands for any other non-violent offenses which he reveals to federal authorities.

3. The defendant, REX S. ALADO a/k/a "REX", understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, REX S. ALADO a/k/a "REX", understands that the <u>maximum</u> sentence for conspiracy to possess crystal methamphetamine a/k/a "ice" in excess of 100 grams with intent to distribute is incarceration for life, a $4,000,000 fine, and a minimum mandatory term of ten (10) years of incarceration which may not be stayed or suspended by the court. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. Defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in additional incarceration of defendant for up to five (5) years. The $100 special assessment fee must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to

- 2 -

1  immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status

2  to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for

3  purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest

4  accrues on any remaining balance of the debt.

5      5. The defendant understands that to establish a violation of conspiracy to possess crystal

6  methamphetamine a/k/a "ice" with intent to distribute, the government must prove each of the

7  following elements beyond a reasonable doubt:

8          First: there was an agreement between the defendant and at least
           one other person to possess with intent to distribute over 100 grams of
9          crystal methamphetamine a/k/a "ice," and

10         Second, the defendant became a member of the conspiracy knowing of its object
           to possess with intent to distribute "ice," and intending to accomplish it.
11
       6. The defendant understands that the United States Probation Office will calculate a
12
   "sentencing range" within the U.S. Sentencing Guidelines. The defendant understands the
13
   Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the
14
   sentence. The defendant also understands that the facts he stipulates to herein will be used by
15
   probation, pursuant to 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines
16
   level:
17
           a. The defendant was born on 1971 and is a citizen of the Republic of the Philippines.
18
           b. If the defendant cooperates with the United States by providing information
19
   concerning the unlawful activities of others, the government agrees that any self-incriminating
20
   information so provided will not be used against defendant in assessing his punishment, and
21
   therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used
22
   in determining the applicable guidelines range.
23
           c. Beginning in 1998, and continuing until November 11, 1998, the defendant, Alwin
24
   Cayas, Marcelo Penas, and others met, discussed and agreed to possess with intent to distribute
25
   and distribute crystal methamphetamine a/k/a "ice,", a Schedule II controlled substance, from
26
   California to Guam. Defendant and Penas discussed and agreed that Cayas would travel from
27
   Los Angeles to Guam for the purpose of bringing crystal methamphetamine to Guam and
28

- 3 -

1 distributing it to others for profit. The defendant made the reservations for the flight. The

2 defendant also gave Penas two reserve dive tanks, and two plastic bags containing over 1700

3 grams of ice, and asked Peas to conceal them inside the tanks. The defendant also drove Cayas,

4 Penas, and the tanks containing the drugs to the airport prior to their departure to Guam. On

5 November 10, 1998, both Cayas and Penas were passengers aboard a Continental Airlines flight

6 which arrived at the Guam International Airport from Honolulu, Hawaii. Cayas was referred to

7 Guam Customs officers for secondary inspection, and it was discovered that he was carrying a

8 hard shell case with diving equipment including two aluminum reserve tanks, and concealed in

9 the bottoms of both tanks were packages of crystal methamphetamine a/k/a "ice." The total gross

10 weight, including packaging, of the drugs was 1801.5 grams. A forensic chemist analyzed the

11 controlled substance and determined that it was d-methamphetamine hydrochloride a/k/a ice.

12 The total net weight was 1,736 grams and was 97% pure.

13       7. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the government and defendant agree and

14 stipulate that the appropriate sentence shall be a period of incarceration not to exceed time served

15 at the time of sentencing, and a period of five (5) years of supervised release. The government

16 will move for a downward departure motion on account of the substantial assistance the

17 defendant has provided to date pursuant to Section 5K1.1 of the Guidelines and 18 U.S.C.

18 Section 3553(e). The parties will request immediate sentencing to the extent practicable taking

19 into account the schedule of the U.S. Probation Office.

20       Defendant understands the Court is not bound to accept this disposition of the case and

21 may reject the agreement either at the time defendant enters his plea or after receiving and

22 considering a presentence report. If the Court accepts this agreement, the Court shall inform

23 defendant that it will embody in the judgment and sentence the disposition provided for in this

24 agreement. If the Court rejects this agreement, the Court shall, on the record, inform the parties

25 of this fact, advise defendant personally in open court or, on a showing of good cause, in camera,

26 that the Court is not bound by this plea agreement, afford defendant the opportunity to then

27 withdraw his plea, and advise defendant that if defendant persists in his guilty plea, the

28 disposition of the case may be less favorable to defendant than that contemplated by this plea

- 4 -

agreement and impose upon defendant any sentence up to and including the maximum sentence of life imprisonment, and a term of supervised release greater than five (5) years.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus, defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated, or reversed, for whatever reason or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of the bringing of such charges.

//

- 5 -

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That he has read the plea agreement and understands it.

//
//
//
//
//
//
//
//

- 6 -

h. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 8-10-05

_____
REX A. ALADO a/k/a "REX"
Defendant

DATED: 8-10-05

_____
SAMUEL S. TEKER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 8/10/05        By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 8/10/05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney