**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Rex S. Alado*

**FILED**
DISTRICT COURT OF GUAM

NOV - 7 2005 ๆ(

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. CR98-00310 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF LAW** |
| | ) | |
| REX S. ALADO | ) | |
| | ) | |
| Defendant. | ) | |

----------

### 1.  PROCEDURAL BACKGROUND.

Rex S. Alado entered into a Second Amended Plea Agreement on August 10, 2005. Said Plea Agreement was entered pursuant to Fed.R.Crim.P. 11(c)(i)(C), which provides a sentence for time served. Defendant entered into said Second Amended Plea Agreement under the Belief he was to be released immediately, or soon thereafter following the entry of his guilty plea, so that he could spend time with his ailing elderly father, who is to begin serving a three year sentence at the Bureau of Prisons in an unrelated case on December 1, 2005.

On August 10, 2005, this Court deferred acceptance of the Plea Agreement pending review of his presentence investigation and report. Sentencing is scheduled for November 8, 2005

1    at the hour of 10:00 o'clock a.m.

2        **2.    ALADO'S BASIS FOR WITHDRAWAL OF
              PLEA.**

3

4        It is Rex Alado's position that entering into the Second Amended Plea Agreement

5    was a mistake because he was not released immediately, or shortly after entering his guilty plea as

6    recommended by the U.S. Attorney's office.  As it turns out, Defendant will not be released after

7    sentencing, but will be immediately detained for deportation proceedings as recommended by the

8    U.S. Probation office.  Because of the above reasons, it would be fair and just to allow Defendant

9    to withdraw his plea of guilty and proceed on with his motion to dismiss.

10       **3.    ARGUMENT.**

11           **a.    Rule 32(e).**

12       Rule 11 of the Federal Rules of Criminal Procedure governs the Plea Agreement

13   procedure.  Withdrawal of a plea prior to imposition of sentence is governed by Rule 32(e).  That

14   subsection states:

15           **Plea Withdrawal.**  If a motion to withdraw a plea of guilty or ***nolo***
             ***contendere*** is made before sentence is imposed, the court may permit
16           the plea to be withdrawn if the defendant shows any fair and just
             reason.

17

18   Until mid-1997, the Ninth Circuit rule was that a defendant had an absolute right to withdraw his

19   guilty plea prior to sentencing.  ***U.S. vs. Washman***, 66 F.3d 210 (9th Cir. 1995).  However, on May

20   26, 1997, the Supreme Court determined otherwise and held that a defendant could not withdraw

21   his plea prior to sentencing unless, pursuant to Rule 32(e), he showed a "fair and just reason."

22       Certainly, in the instant case, Alado has demonstrated a fair and just reason for

23   withdrawing his plea agreement. Pursuant to the plea agreement, Alado was to be sentenced "to the

1  extent practicable taking into account the schedule of the U.S. Probation Office." (¶7, p. 4 of the

2  Second Amended Plea Agreement). Defendant submits that two months to prepare a Presentence

3  Investigation Report under a 11(c)(i)(C) plea is an inordinately long period of time and substantially

4  affects Defendant's rights. Furthermore, Defendant entered into said plea agreement only because

5  he believed he would be released so he could spend time with his father and to help take care of his

6  mother while his father serves his prison sentence. Additionally, Defendant entered into this

7  agreement even though he has an extremely valid motion to dismiss pending before this Court.

8  ### 4. CONCLUSION.

9  For the reasons above-articulated, this Court should grant Alado's motion to

10  withdraw the plea agreement and to continue sentencing. He has provided a fair and just reason for

11  doing so. Alado is not asking to contest the Indictment. If this Court permits him to withdraw from

12  the plea agreement, Alado will then move forward with his pending motion to dismiss. He will

13  continue to accept responsibility. If Alado's motion to dismiss is denied, then Alado will still be

14  sentenced in the future for his criminal conduct.

15  Furthermore, the Government will not be prejudiced by granting Alado's motion and

16  the interests of justice are best served by granting Alado's motion.

17  DATED at Hagåtña, Guam, on November 7, 2005.

18  **TEKER TORRES & TEKER, P.C.**

19

20  By

21  **SAMUEL S. TEKER, ESQ.**
   Attorneys for Defendant, *Rex S. Alado*

22

23  LJT:cs
   PLDGS:ALADO, REX:006