PROB 12B
(7/93)

## United States District Court
### for
### District of Guam



FILED
DISTRICT COURT OF GUAM
JUN 1 4 2006
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender: **Rex S. Alado**  Case Number: **CR 98-00310-002**

Name of Sentencing Judicial Officer:  Honorable Robert Clive Jones

Date of Original Sentence:  November 8, 2005

Original Offense:  Conspiracy to Possess Crystal Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and 846

Original Sentence:  Time served followed by five supervised release with conditions to include that he: submit to the statutory three drug tests; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; cooperate in the collection of DNA; not possess illegal controlled substances; submit to mandatory drug testing as directed by the Probation Officer; that if ordered deported, he shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General, and if not deported, he shall immediately report to the U.S. Probation Office to begin his term of supervised release; participate in and successfully complete a substance abuse treatment program which shall include drug testing, outpatient counseling, or residential placement, as approved and directed by the Probation Officer, and contribute to the costs of services as approved and directed by the Probation Officer; and that he pay a $100 special assessment fee.

Type of Supervision:  Supervised Release  Date Supervision Commenced:  November 8, 2005

---

### PETITIONING THE COURT

[ ]  To extend the term of supervision for _____ years, for a total term of _____ years.

[X]  To modify the conditions of supervision as follows:

1.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                                              page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the Rex Alado's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the Mr. Alado's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision.

Reviewed by:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 6-12-2006

Respectfully submitted,

by:
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Date: 6/12/06

---

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

**RECEIVED JUN 12 2006 DISTRICT COURT OF GUAM HAGATNA, GUAM**

JOHN A. HOUSTON, Designated Judge

Signature of Judicial Officer
6-14-06
Date

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer

| | | | |
|---|---|---|---|
| Witness: | CARMEN D. O'MALLAN | Signed: | REX A. ALADO |
| | U.S. Probation Officer | | Probationer or Supervised Releasee |

June 9 , 2006
Date