PROB 12C
(7/93)

# *United States District Court*

for

*District of Guam*

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  **Rex S. Alado**                                          Case Number: **CR98-00310-002**

Name of Sentencing Judicial Officer:     The Honorable Robert Clive Jones, Designated Judge

Date of Original Sentence:          November 8, 2005

Original Offense:    Count III - Conspiracy to Possess Crystal Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846

Original Sentence:    Time served followed by five years supervised release with conditions: shall not possess illegal controlled substances and submit to mandatory drug testing as directed by the probation officer; shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapon as defined by federal, state or local law; if ordered deported, he shall remain outside the United States and shall not re-enter without permission of the U.S. Attorney General, however, if he is not deported, he shall immediately report to the Probation Office to begin his term of supervised release; shall participate in and successfully complete a substance abuse treatment program which will include drug testing, outpatient counseling, or residential placement, and he shall contribute to the costs of services for treatment; and pay a special assessment fee of $100. **Conditions Modified:** Participate in post-treatment substance abuse testing pursuant to *U.S. vs. Stephens (9th Circ., 2005).*

Type of Supervision:    Supervised Release        Date Supervision Commenced: April 28, 2006

Assistant U.S. Attorney:        Marivic P. David                Defense Attorney:  Samuel S. Teker

## PETITIONING THE COURT

[X]  To issue a warrant.

[ ]  To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision, all in violation of 18 U.S.C. § 3583:

Violation Number    Nature of Noncompliance

*Mandatory Condition*   *The defendant shall not commit another federal, state or local crime.*

*Standard Condition 1*   *The defendant shall not leave the judicial district without permission of the court or probation officer.*

*Standard Condition 3*   *The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.*

*Standard Condition 5*   *The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.*

| Violation Number | Nature of Noncompliance (continued) |
| --- | --- |

*Standard Condition 6*    *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.*

*Standard Condition 9*    *The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.*

U.S. Probation Officer Recommendation:

☐    The term of supervision should be

[X]    revoked.

☐    extended for                 years, for a total term                 years.

☐    The conditions of supervision should be modified as follows:

**Please see attached**
***Declaration in Support of Petition,***
***Violation of Supervised Release Conditions; Request for a Warrant***
**submitted by U.S. Probation Officer Maria C. Cruz**

Reviewed by:

I declare under penalty of perjury that the forgoing is true and correct.



/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader



/s/ MARIA C. CRUZ
U.S. Probation Officer

Date:    June 27, 2008

Executed on:    June 27, 2008

**THE COURT ORDERS:**

☐    No Action.

☐    The Issuance of a Warrant.

☐    The Issuance of a Summons.

☐    Other.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 98-000310-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| REX S. ALADO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:     Violation of Supervised Release Conditions; Request for a Warrant**

I, U.S. Probation Officer Maria C. Cruz, am the U.S. Probation Officer assigned to write this Violation of Supervised Release Report since Rex S. Alado is under court-ordered supervision pursuant to a transfer of supervision to the Central District of California and the U.S. District Court of Guam continues to maintain jurisdiction. Based on documents received from the U.S. Probation Office in the Central District of California, as well as an interview with Mr. Juan Blas from the Bureau of Immigration and Customs Enforcement in Guam, in this capacity, I declare as follows:

On April 28, 2006, Mr. Alado was released from custody and commenced supervision in the District of Guam. On August 24, 2006, Mr. Alado reported to the U.S. Probation Office in Long Beach for the purpose of continuing his term of supervised release in the Central District of California. On October 1, 2007, Mr. Alado successfully completed his outpatient substance abuse testing and treatment program. On November 2, 2007, he was directed to participate in post-treatment substance abuse testing by the Probation Officer and acknowledged, in writing, the Notice of Random Drug Testing that he could be contacted via telephone, to include voice mail messages, for the purpose of directing him to report for drug testing on the following day.

This report outlines violations committed by Mr. Alado while on supervised release, all allegations are in violation of *18 U.S.C. § 3583*:

**Mandatory Condition:** *The defendant shall not commit another federal, state or local crime.*

On June 4, 2008, Mr. Alado was arrested for Burglary, Conspiracy to Commit a Crime, Attempted Grand Theft, Receiving Stolen Property, Forging Official Seal, and Possessing Identification to Commit Felony. According to the Signal Hill Police Department (SHPD), Arrest

Report No. 08-1982, Mr. Alado accompanied Ms. Evangeline Sagbigsal (whom at the time of the offense was using a fraudulent name, Evangeline McGowan) to a Best Buy store in an attempt to purchase a laptop computer and a portable DVD player. While attempting to purchase the merchandise, Ms. Sagbigsal furnished a false ID which was immediately recognized by the cashier as fraudulent. She also attempted to pass a check which later proved to be stolen. Upon being asked to wait at the cashier's desk so the store manager could handle the matter, Mr. Alado and Ms. Sagbigsal fled the scene. They were both apprehended by SHPD shortly thereafter.

When interviewed by SHPD, Mr. Alado admitted he had gone to the cash register with Ms. Sagbigsal to purchase the items. Further, Mr. Alado admitted he knew the driver's license used by Ms. Sagbigsal was fraudulent.

Mr. Alado's arraignment in the Los Angeles County Superior Court is scheduled for August 4, 2008.

**Standard Condition 1:** *The defendant shall not leave the judicial district without permission of the court or probation officer.*

According to correspondence received from U.S. Probation Officer Aaron Vereen on June 25, 2008, he received a telephone call from Mr. Alado stating that he was calling from St. Luke's Hospital in Manila, Philippines. Mr. Alado explained that his I-94 INS form had expired. When questioned how he funded the trip, Mr. Alado stated that he withdrew money from the bank and also took out a cash advance. Mr. Alado indicated that his parents and son went to the airport with him for the ride and his parents knew that he was going to the Philippines. When Officer Vereen questioned Mr. Alado about his involvement with his co-arrestees, Evangeline Sagbigsal and Andy Tejano, he stated that he only met them on June 4, 2008, the day of the arrest. Officer Vereen asked how Mr. Alado could be reached and he responded that he did not have a telephone number. Mr. Alado reported his address as 5150 West 25th Street, West Bajac, Bajac, Olongapo City, Philippines. Mr. Alado stated that he has a return ticket to California.

When questioned about his travel itinerary, Mr. Alado indicated that he departed Los Angeles on June 10, 2008 and has a return date of July 9, 2008 to Los Angeles via Eva Airways. He further stated that he does not have a passport. Based on the above information, Mr. Alado left the judicial district without permission of the court or probation officer.

On June 25, 2008, this Probation Officer telephonically contacted Deportation Officer Juan Blas from the Immigration and Customs Enforcement, Detention/Removal Operations, Department of Homeland Security, who verified that Mr. Alado departed Los Angeles on July 10, 2008, via Eva Airways flight number 15, which landed in Taipei, Taiwan. Mr. Blas also confirmed that Mr. Alado had in possession a Republic of the Philippines document with the number of DD039529, which permitted him to leave the United States. Mr. Blas was unable to confirm if the Republic of Philippine document used by Mr. Alado was a passport or a one-time entry document issued by the

Philippine Consulate.

**Standard Condition 3:** *The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.*

On June 6, 2008 at 9:00 p.m., Mr. Alado left a voice mail message for Probation Officer Vereen about being arrested on June 4, 2008. On June 9, 2008, Mr. Alado was contacted via telephone. He admitted to the arrest, but denied any accompanying drug use. He was instructed to report to the Probation Office immediately for the purpose of collecting a urine specimen. He acknowledged this instruction, advised he would report as directed, yet he failed to do so. On the morning of June 10, 2008, Mr. Alado was directed via voice mail message on both his cellular and home telephone lines to report immediately to the Probation Office for collection of a urine specimen. Once again, he failed to report as directed.

On June 11, 2008, Officer Vereen went to Mr. Alado's residence but he was not present. Officer Vereen then contacted Mr. Alado via voice mail and directed him to report to the Probation Office on June 12, 2008, for collection of a urine specimen. He failed, for the third time, to appear for drug testing as directed.

**Standard Condition 5:** *The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;* and **Standard Condition 6:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.*

On June 10, 2008, Mr. Alado's employment supervisor, Mr. Sanjit Singh, was contacted and stated that Mr. Alado quit his job on June 4, 2008, to tend to a family matter in San Francisco, California. Mr. Singh recalled that Mr. Alado requested that his final paycheck be relinquished to his father. Mr. Alado failed to maintain employment and failed to notify the Probation Officer at least ten days in advance of any change in employment.

**Standard Condition 9:** *The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.*

U.S. Probation Officer Vereen conducted a criminal history check which showed that Ms. Evangeline Sagbigsal previously sustained convictions for Passing False Checks and Battery of Spouse, both misdemeanors. Records further showed that there is an outstanding warrant for Ms. Sagbigsal's arrest for Possession of a Controlled Substance. Mr. Alado knowingly associated with someone engaged in criminal activity.

**Supervision Compliance:** While in the District of Guam, Mr. Alado paid his $100 special assessment fee on May 4, 2006, and he was subjected to DNA collection on May 25, 2006. While

in the Central District of California, he successfully completed his outpatient substance abuse testing and treatment program on October 1, 2007.

**<u>Recommendation</u>:** Based on the above-outlined conduct, the Probation Officer has determined that Rex S. Alado is a danger to the community and a flight risk due to recent criminal conduct. Moreover, he fled the jurisdiction of both the Federal Court and the Los Angeles Superior Court and is reportedly in the Philippines. The Probation Officer respectfully requests that the Court issue a Warrant for Mr. Alado to appear at an Order to Show Cause Hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this __27th__ day of June 2008, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By:  /s/ MARIA C. CRUZ
U.S. Probation Officer

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:     Marivic P. David, AUSA
        Samuel S. Teker, Defense Counsel
        Aaron Vereen, USPO, Central District of California
        File